UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDWARD RAY TROTTER, JR.** | **CIVIL ACTION NO. 25-0699** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **NOAH RUFF, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Edward Ray Trotter, Jr., a detainee at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately May 20, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Detective Noah Ruff, Detective Joseph Bassett, the State of Louisiana, and Shreveport Police Department.

## Background

Plaintiff is currently charged in state court with six counts of simple burglary and one count of being a convicted felon in possession of a firearm. [doc. # 1, p. 12]. He suggests that the alleged burglary took place at 3154 North Market Street, Shreveport, Louisiana. *Id.* at 6. He also states that he is innocent and that he was not involved in the burglary. *Id.* at 6, 12.

Plaintiff states that at the direction of Detectives Bassett and Ruff, who are employed by the Shreveport Police Department, officers with the Harrison County Sheriff's Office, a sheriff's office in Texas, obtained a warrant to search 2706 Lotta Rd., Karnack, Texas. [doc. # 1, pp. 8-9, 11]. Plaintiff states that the warrant permitted a search of "the location" of 2706 Lotta Rd., but it did not permit a search of "the structure at the location." [doc. # 1, pp. 8-9]. The Texas officers located and seized a stolen 2021 King Ranch vehicle. *Id.* at 9. Plaintiff maintains that after the

Harrison County Sheriff's Office processed the vehicle, it "cleared him . . . because there were no fingerprints, DNA, or any other criminal evidence located within the vehicle linked to him." *Id.*

Plaintiff states that Detectives Bassett and Ruff were unsatisfied with the Harrison County Sheriff's findings, so they "returned to the structure at 2706 Lotta Rd" on February 9, 2024. [doc. # 1, p. 9]. He claims that Bassett and Ruff entered a building there without a search warrant and took photographs of (1) a grinder allegedly used to cut into a safe or ATM and (2) the structure floor which allegedly depicted "an area . . . used to force open an ATM or safe." [doc. # 1, pp. 5, 6]. He suggests that the building housed his brother, David Green's, business. *Id.* at 5.

Plaintiff claims that later on February 9, 2024, Detectives Bassett and Ruff unlawfully obtained warrants to search 964 Winter Garden #16, Shreveport, Louisiana, 71607—where Plaintiff lived—and 8200 Wild Briar Drive,[1] by including a false statement and "tainted" evidence in the warrant applications. *Id.* at 4. He suggests that the false statement was that officers from Harrison Country Sheriff's Office in Texas—as opposed to Detectives Bassett and Ruff—searched the Lotta Road building in Texas on February 9, 2024. *Id.* at 6. He alleges that the tainted evidence included the photographs from 2706 Lotta Road. *Id.* at 4. He also claims that a judge did not sign the warrant to search his home. *Id.* at 5, 6. He is challenging the allegedly unsigned warrant via a motion to suppress in state court. [doc. # 5, p. 3].

Plaintiff claims that a "gun was found" when the detectives searched his home. [doc. # 1, p. 5]. He filed a motion to suppress in state court, which is pending. *Id.*

Plaintiff claims that after Bassett and Ruff searched his home, they falsely arrested him on February 21, 2025. [doc. #s 1, p. 5; 5, p. 1]. His charges remain pending. [doc. # 5, p. 1].

---

[1] Plaintiff states that 8200 Wild Briar Drive is his co-defendant's residence. [doc. # 5, p. 2].

Plaintiff alleges that "Shreveport Police Dpt. Investigators racially profiled him because of a stolen 2021 King Ranch vehicle found at his brother's David Green business. [sic]." [doc. # 1, p. 9].

Plaintiff seeks $51,000,000.00, and he asks the Court to stay the instant proceeding. [doc. #s 1, p. 13; 5, p. 3].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53

4

(5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana.

**3. Shreveport Police Department**

Plaintiff names Shreveport Police Department as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a

"juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, Shreveport Police Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022). Accordingly, the Court should dismiss Plaintiff's claims against this entity.

### 4. Racial Profiling

Plaintiff claims: "the Shreveport Police Dept. investigators racially profiled him because of a stolen 2021 King Ranch vehicle found at his brother's David Green's business." [doc. # 1, p. 9]. This claim, however, is impermissibly vague and formulaic. Plaintiff does not elaborate on, for example, his race or the investigators' race(s). More importantly, his claim is a bald non sequitur: that the investigators found a stolen vehicle at his brother's house has no bearing on whether the investigators profiled him based on his race. The Court should dismiss this all-too-conclusory claim.

### 5. Unlawful Search and False Arrest

Plaintiff claims that Defendants Bassett and Ruff falsely arrested him on February 21, 2025. [doc. #s 1, p. 5; 5, p. 1]. He is currently charged in state court with six counts of simple burglary and one count of being a convicted felon in possession of a firearm. [doc. # 1, p. 12]. The charges are pending. He maintains that he is innocent and that he was not involved in the burglary. *Id.* at 6, 12.

Plaintiff also claims that Bassett and Ruff searched 2706 Lotta Road, without a warrant, where they took photographs of (1) a grinder allegedly used to cut into a safe or ATM and (2) the

6

structure floor which allegedly depicted "an area . . . used to force open an ATM or safe." [doc. # 1, pp. 5, 6]. He claims that Bassett and Ruff secured a warrant to search his home by including a false statement and "tainted" evidence in the warrant application. He also alleges, conversely, that a judge did not sign the warrant to search his home. He claims that Bassett and Ruff found a gun when they searched his home. [doc. # 1, p. 5]. He is currently challenging the allegedly unsigned warrant via a motion to suppress in state court.

If Plaintiff is convicted of his pending charges, he may not be entitled to seek relief for the claims above until any convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. A successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

While the rule in *Heck* does not extend to pending criminal matters, successful claims under Plaintiff's allegations could necessarily imply the invalidity of any future convictions.[3] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false arrest claims—and establishing that the detectives lacked probable cause to charge Plaintiff—could necessarily imply the invalidity of a conviction because the

---

[3] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

claims are essentially collateral attacks on a criminal judgment's validity. *See Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[4]

Likewise, prevailing on the unlawful search claims could necessarily imply the invalidity of a future conviction because the claims are predicated on the absence of probable cause and lawful search warrants and, therefore, would constitute collateral attacks on any future conviction founded on evidence derived from the searches.[5] *See Hall v. Lorenz*, 48 F. App'x 481

---

[4] *See also Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

[5] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff's allegations do not suggest that any of these doctrines would, following a finding by this Court that the defendants lacked lawful search warrants, validate Plaintiff's potential conviction. *See Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); *see also Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

(5th Cir. 2002) ("Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction."); *Kato*, 549 U.S. at n.5 ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . .").[6]

Federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. Critically, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case has run its course . . . .").

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charges. Moreover, Plaintiff even requests a stay of his claims. Accordingly, the Court should stay these claims pending the outcome of Plaintiff's ongoing criminal prosecution.[7]

---

[6] *See also Handshaw v. Hilliard*, 2015 WL 5177623, at *4 (S.D. Miss. Sept. 4, 2015) (finding a false arrest claim "*Heck* barred" and reasoning that "if Defendants' stop of Plaintiff, the occurrences surrounding his being taken into custody, and the subsequent search incidental to arrest [which revealed the drugs that were essential to the criminal charge] were determined unconstitutional . . . , such a holding would cast into doubt or potentially invalidate Plaintiff's drug possession charge."); *Lister v. Perdue*, 2015 WL 864834, at *1 (N.D. Tex. Feb. 27, 2015); *Scallion v. Red River Par.*, 2006 WL 2524159, at *2 (W.D. La. Aug. 25, 2006).

[7] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Edward Ray Trotter, Jr.'s false arrest and unlawful search claims be **STAYED** under the following conditions:

   a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;

   b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;

   c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he chooses) in this action until the state court proceedings conclude; and

   d. Defendants shall not be required to answer these claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the State of Louisiana and the Shreveport Police Department be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of July, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge